Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000402
30-JUL-2018
08:42 AM

NO. CAAP-16-0000402

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
VICENTE L. DOMUT, also known as VICENTE DOMUT,
Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION
(CASE NOS. 2DTA-15-01298 and 2DTC-14-004621)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Fujise and Reifurth, JJ.)

Defendant-Appellant Vicente L. Domut, also known as Vicente Domut (Domut) appeals from the April 20, 2016 District Court of the Second Circuit, Wailuku Division's (District Court) Judgment and Notice of Entry of Judgment.[1] After a bench trial, the District Court convicted Domut in Count 1 of Driving Without License (DWOL), in violation of Hawaii Revised Statutes (HRS) § 286-102 (2007),[2] and in Count 2 of No Motor Vehicle Insurance (NMVI), in violation of HRS § 431:10C-104(a)[3] (2005).[4] Domut was

---

[1]    The Honorable Blaine J. Kobayashi presided.

[2]    HRS § 286-102 then provided, in relevant part,

**Licensing.** (a) No person, except one exempted under section 286-105 . . . shall operate any category of motor vehicles listed in this section without first being appropriately examined and duly licensed as a qualified driver of that category of motor vehicles.

[3]    HRS § 431:10C-104 provides, in relevant part:

**Conditions of operation and registration of motor vehicles** (a) Except as provided in section 431:10C-105, no person
(continued...)

sentenced to 180 days in Count 1, and a fine of $1500 in Count 2, *inter alia*.

On appeal, Domut contends the State failed to present sufficient evidence: (1) that Domut did not fall into one or more of the statutory exemptions to DWOL; and (2) to negate Domut's statutory good faith defense to NMVI.

After a careful review and consideration of the parties' arguments, the record on appeal, and legal authorities, we resolve Domut's points on appeal as follows and affirm his conviction.

1. The State produced sufficient evidence to prove Domut's DWOL conviction as, taking the evidence in the light most favorable to the prosecution, State v. Timoteo, 87 Hawai'i 108, 112-13, 952 P.2d 865, 869-70 (1997), there was substantial evidence he did not have a valid driver's license. Domut asserts the State failed to demonstrate that he was not exempted from licensure pursuant to HRS § 286-102.

HRS § 286-102(a) then provided:

> No person, except one exempted under section 286-105, one who holds an instruction permit under section 286-110, one who holds a provisional license under section 286-102.6, one who holds a commercial driver's license issued under section 286-239, or one who holds a commercial driver's license instruction permit issued under section 286-236, shall operate any category, of motor vehicles listed in this section without first being appropriately examined and duly licensed as a qualified driver of that category of motor vehicles.

Domut contends that the State failed to prove that he was not exempted from licensure pursuant to HRS § 286-105[5] (2007). Domut

---

[3] (...continued)
> shall operate or use a motor vehicle upon any public street, road, or highway of this State at any time unless such motor vehicle is insured at all times under a motor vehicle insurance policy.

[4] This appeal represents two district court case numbers, 2DTC-14-004621 and 2DTA-15-01298, which were consolidated for trial. In 2DTA-15-01298, Domut was convicted of Failure to Appear pursuant to HRS § 803-6(e). In 2DTC-14-004621, Domut was prosecuted for the DWOL and NMVI charges. The Failure to Appear conviction was not appealed, insofar as Domut has presented no points on appeal nor arguments challenging this conviction. Therefore, any challenge to this conviction is waived. Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b).

[5] HRS § 286-105 then provided:

> **What persons are exempt from license.** The following persons are exempt from license:

(continued...)

relies on State v. Matautia, 81 Hawai'i 76, 83, 912 P.2d 573, 580 (App. 1996), in which this court suggested the State must prove the defendant "was not excepted by statute from the driver's licensing requirements." However, in State v. Castillon, we explicitly overruled this interpretation of Matautia. State v. Castillon, 140 Hawai'i 242, 247, 398 P.3d 831, 836 (App. 2017), cert. granted, No. SCWC-16-0000421, 2017 WL 5899258 (Haw. Nov. 29, 2017) (citing State v. Lee, 90 Hawai'i 130, 138, 976 P.2d 444, 452 (1999)). Instead, we held that the statutory

---

[5](...continued)

(1) Any person while driving or operating a motor vehicle in the service or employ of any branch or agency of the federal government; provided that the person has received a license or permit from the branch or agency to operate and drive the motor vehicle; provided further that the branch or agency has been duly authorized by the federal government to issue the license or permit;

(2) Any person while driving or operating any road machine, farm tractor, or implement of husbandry temporarily operated or moved on a highway; provided that no person under the age of thirteen years shall be permitted to drive or operate any such road machine, farm tractor, or implement of husbandry on a highway;

(3) Any person who is at least eighteen years of age and who has in the person's possession a valid driver's license to drive the categories of motor vehicles listed in section 286-102(b), except section 286-102(b)(4), that is equivalent to a driver's license issued in this State but was issued to the person in another state of the United States, the Commonwealth of Puerto Rico, United States Virgin Islands, American Samoa, Guam, a province of the Dominion of Canada, or the Commonwealth of the Northern Mariana Islands for that category of motor vehicle which the person is operating;

(4) Any person who has in the person's possession a valid commercial motor vehicle driver's license issued by any state of the United States, Mexico, or a province of the Dominion of Canada that issues licenses in accordance with the minimum federal standards for the issuance of commercial motor vehicle driver's licenses; and

(5) Any person who drives or operates state or county motor vehicles while employed by, in the service of, or volunteering for the state or county fire departments, provided that they are trained and certified to drive category (4) motor vehicles as set forth in section 286-102(b)(4) by the state or county government, as appropriate, and provided that the person maintains a category (3) license as set forth in section 286-102(b)(3).

exemptions in HRS § 286-102(a) constitute defenses to the DWOL offense. Id. Here, Domut did not offer any evidence that he qualified for any of the statutory exemptions, and the burden never shifted to the State to disprove an exemption. We therefore conclude the State presented sufficient evidence to convict Domut of DWOL.

2. Domut contends the State failed to present sufficient evidence to negate Domut's good faith defense to NMVI. Specifically, Domut argues the State failed to produce evidence to rebut the HRS § 431:10C-117(a)(4) (2005) and (Supp. 2017) good faith defense raised by its own witnesses.

HRS § 431:10C-117(a)(4) provides, in relevant part:

> Any person cited under this section shall have an opportunity to present a good faith defense, including but not limited to lack of knowledge or proof of insurance. The general penalty provision of this section shall not apply to:
>
> . . . .
>
> (C) Any operator of a borrowed motor vehicle if the operator holds a reasonable belief that the subject vehicle is insured[.]

Interpreting this section, the Supreme Court of Hawai'i held, "[t]he lack of knowledge defense is not an affirmative defense." State v. Bolosan, 78 Hawai'i 86, 89, 890 P.2d 673, 676 (1995). Once evidence of facts comprising the defense are raised, the State has the burden of disproving the defense beyond a reasonable doubt. See id.

Domut asserts that evidence of the vehicle being registered in another person's name, that there were two other adults in the car, and that the registration was current are facts sufficient to imply that he borrowed the vehicle. In Lee, the supreme court recognized that the defendant bears the burden of production to raise the NVMI defense. Lee, 90 Hawai'i at 140, 976 P.2d at 454. There, Lee brought forth no evidence that he had borrowed the subject vehicle and, thus, could not rely on the "borrower's 'good faith lack of knowledge' defense." Id. at 139-40, 976 P.2d at 453-54; see also State v. Kahaunaele, 10 Haw. App. 519, 879 P.2d 566 (1994) (seven consolidated defendants raised the HRS § 431:10C-117(a)(4) defense by presenting evidence

4

subject vehicles were borrowed). Here, there was no evidence presented as to any borrower/lender relationship between Domut and the registered owner. The facts that Domut posits, without more, do not provide a logical basis to infer the car was borrowed. Therefore, Domut's argument that the State failed to rebut the HRS § 431:10C-117(a)(4) defense is without merit.

For the foregoing reasons, the April 20, 2016 Judgment and Notice of Entry of Judgment entered by the District Court of the Second Circuit, Wailuku Division, is affirmed.

DATED: Honolulu, Hawai'i, July 30, 2018.

On the briefs:

Antoinette V.M. Lilley,
Deputy Public Defender,
for Defendant-Appellant.

Richard K. Minatoya,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

5